IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LABARIAN LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-595-NJR |
| | ) |
| HEATHER PARKER, JONI FISHER, | ) |
| DR. THAN, and ANGELA COWELL, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Labarian Lewis, an individual who is currently housed at Chester Mental Health Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On March 24, 2022, Lewis filed a letter which the Court initially construed as a Complaint (Doc. 1). Because the document could not stand on its own as a Complaint and included seemingly unrelated allegations, the Court instructed Lewis to file a formal Complaint by April 25, 2022 (Doc. 4). On April 11, 2022, Lewis filed yet another letter with the Court (Doc. 5).[1] This letter was incomprehensible and included the name of Lewis's parents, siblings, and information about a lawyer (*Id.*). The Court reminded Lewis that the deadline for submitting a Complaint was April 25, 2022.

---

[1] The letter included a string of numbers which appeared to be a social security number. In order to protect that sensitive information, the Court filed the letter under seal.

1

On May 3, 2022, the Court entered a notice of impending dismissal (Doc. 10) because Lewis failed to pay his filing fee or submit a motion for leave to proceed *in forma pauperis* ("IFP"). He was instructed to pay the filing fee and/or submit a motion to proceed IFP by May 10, 2022. He was also given the same deadline to file an Amended Complaint (Doc. 10, p. 1).

On May 10, 2022, Lewis filed another letter to the Court which was incomprehensible (Doc. 13). The letter did indicate that Heather Parker and Dr. Than pushed him aside, that he takes his pills, but they will not take him off of A-2 (*Id*. at p. 1). He also stated that he would like to file suit against Angela Cowell and "Beth" (*Id*. at p. 2). His filing also included a colored picture of Marvin the Martian (*Id*. at p. 3).

Finally, on May 16, 2022, Lewis filed an Amended Complaint (Doc. 16). The statement of claim (Doc. 16, p. 7) is both legible and coherent.

The Court must now conduct a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint (Doc. 16), Lewis makes the following allegations: Lewis alleges that Dr. Than, Heather Parker, Joni Fisher, and Angela Cowell have neglected and abused him and have "pushed me to the side." (*Id*. at p. 7). He alleges that

Fisher assigned him three social workers: Tracy Mott, Meagan Stewart, and Heather Parker (*Id.*). He alleges that Chester Mental Health violated his rights and will not let him out. He also alleges that Dr. Than only asks him questions and takes blood tests (*Id.*).

### Discussion

Simply put, Lewis's Amended Complaint fails to state a claim. Although he alleges that Defendants have neglected and abused him, he does not allege how his rights were violated or what actions Defendants have taken that amounted to abuse. He merely states that they have pushed him aside. It is not clear whether he is alleging actual physical abuse/excessive force or if he is alleging that Defendants provided him improper medical care for his medical needs. It is also possible that Lewis is alleging that Defendants violated his right to informed consent, as he previously stated that Defendants made him sign forms and they make him take medication and blood tests (Doc. 1, p. 2). *See Knight v. Grossman*, 942 F.3d 336, 343-44 (7th Cir. 2019), *cert. denied*, 141 S. Ct. 233, 208 L.Ed.2d 15 (2020). Unfortunately, it is not clear from the pleadings.

Lewis also alleges that Dr. Than only asks him questions and takes blood for testing, but he does not indicate how these actions amount to a constitutional violation. Nor has he alleged how assigning him social workers violates his constitutional rights. Lewis simply fails to allege any violation of his constitutional rights.

Although this is Lewis's first official "complaint," his initial filing included similar allegations which also would not have stated a claim. In that filing, he merely stated that the doctor at Chester did not like black and white people and that the doctor gave him medication that he had to take, as well as a blood test he had to take every month (Doc. 1,

3

p. 2). He also mentioned social workers in that letter, including Heather Parker and Joni Fisher, but merely stated that they made him sign papers without any indication what those papers were. The allegations in his Amended Complaint (Doc. 16) add nothing to his original allegations. Because his first Complaint (Doc. 1) was not a complaint at all, and he has provided some information but not enough to state a claim in his actual Amended Complaint (Doc. 16), the Court will allow Lewis one more chance to submit a pleading which states a valid claim.

A final note about Lewis's filings. Many of his filings, including several letters submitted to the Court, are incomprehensible. But his initial letter and Amended Complaint did appear coherent, although neither properly stated claims. It is possible that Lewis may need counsel to determine if he has a claim and, if he does have valid claims, to file a coherent complaint. But it is not entirely clear from the filings that Lewis is unable to formulate coherent thoughts or to communicate those thoughts on paper at this time. His Amended Complaint (Doc. 16) did present simple, plain statements about Defendants, but failed to actually allege any constitutional violations. Further, Lewis has not sought the assignment of counsel from the Court. Thus, the Court will allow Lewis another opportunity to file a viable complaint on his own. But if Lewis believes that he will be unable to articulate his claims, he may file a motion for counsel. To aid Lewis with that task, the Court **ORDERS** the Clerk of Court to send Lewis a Section 1983 Complaint form and a form Motion for Recruitment of Counsel.

## Disposition

For the reasons stated above, the Amended Complaint (Doc. 16) is **DISMISSED without prejudice**. Lewis is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 28, 2022**. Should he fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Lewis's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Lewis must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Lewis is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Lewis is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  May 31, 2022

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**